### DIRECTV INC., et al., Plaintiffs–Appellees,

### v.

### Terry ORLOSKE, Defendant–Appellant.

### No. 00–5491.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

Terry Orloske appeals a district court grant of summary judgment for plaintiffs in this civil action filed under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Plaintiffs filed their complaint in the district court alleging that three named Tennessee defendants and fifteen unknown "John Doe" defendants sold counterfeit cards to facilitate illegal decryption of DIRECTV and other encrypted satellite television programming. Plaintiffs sought declaratory and injunctive relief, actual or statutory damages, punitive damages, costs, and attorneys' fees. Thereafter, plaintiffs amended their complaint to include Orloske as party defendant. Following discovery, plaintiffs moved for a partial summary judgment against appellant, in which they sought injunctive relief and $7,600,000 in statutory damages, attorneys' fees and costs, and agreed to dismiss any remaining claims against Orloske should the partial summary judgment be granted. After Orloske responded in opposition, the district court granted plaintiffs' motion, but declined to rule on attorneys' fees at that point. Orloske filed a timely notice of appeal.

On appeal, Orloske contends that: (1) the district court's grant of summary judgment was unwarranted given the evidence of record; (2) he was denied his right to a jury trial; (3) venue in the district court was improper; and (4) the award of damages in this case was excessive. Plaintiffs respond that Orloske's contentions on appeal lack merit. Upon de novo review, *see Brooks v. American Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment essentially for the reasons stated by the district court in its memorandum entered March 8, 2000.

Plaintiffs established that Orloske was a large dealer of illegal devices, and Orloske's conclusory protestations to the contrary do not show more than a metaphysical doubt as to the existence of a genuine issue of material fact remaining for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Orloske was not denied his constitutional right to a jury trial given the absence of a genuine issue

of material fact remaining for trial and the applicability of statutory damages because he waived his right by failing to demand a jury trial in his answer. *See* Fed.R.Civ.P. 38(d); 47 U.S.C. § 605(e)(3)(C)(i)(II). Venue in the district court was proper pursuant to 28 U.S.C. § 1391(b)(2). Finally, plaintiffs requested and the district court awarded the minimum permissible amount of damages.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule34(j)(2)(C), Rules of the Sixth Circuit.